*547 The opinion of the Court was delivered by
Duncan J.
The question.is, can an envelope inclosing curities for debts, with this indorsement, For Rebecca Gore, and another envelope inclosing other securities indorsed, For the heirs of George Plumstead, in the hand-writing of the deceased,never having been out of her possession, and without any communication made to any one on the subject, or any evidence to shew at what time, or for what purpose the indorsements were made, be received and probate granted of them as testamentary papers ? Without going through the variety of cases which have been cited, each depending on its own particular circumstances, the Court deem it sufficient to declare, that the indorsements are not in their nature testamentary, per se. There is nothing in them marking an intention to dispose of the security by those indorsements, as by will; nor any declaration of the intention of the deceased, that these securities after her death should go to the person mentioned in the inventory; nor do they contain the slightest evidence of legatory words, nor in any way denote a legatory donation. If the envelope. inclosed a patent to Rebecca Gore for a tract of land, with the indorsement For the heirs of George Plumstead, this never could be considered as a devise of land. I cannot distinguish the cases. It might be the intention of Rebecca Gore to dispose of these securities by will, or give them in her life-time to the persons mentioned; but the naked word, “ For" never could amount to a testament, which is defined to be the legal declaration of a person's intention which he wills to be performed after his death.
Decree reversed.